IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| OMAR YASSEEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No.2:09cv322-TMH |
| | ) | (WO) |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a *pro se* 28 U.S.C. § 2241 petition for habeas corpus relief filed on April 8, 2009, by Omar Yasseen ("Yasseen"), a federal inmate at Maxwell Federal Prison Camp in Montgomery. Yasseen, who is serving an aggregate 18–month sentence for fraud and identity-theft crimes, argues that the Federal Bureau of Prisons ("BOP") has wrongfully denied his request for an immediate transfer to a Residential Re-entry Center ("RRC"). The BOP unit team responsible for making Yasseen's RRC placement recommendation has recommended that he spend 88 days in an RRC, beginning on August 10, 2009. Yasseen contends that the BOP improperly considered the length of his sentence and the fact that he has "a supportive family and release residence" in denying his request for immediate placement in an RRC. (Doc. No. 1 at 3.) As relief, he asks this court to order the BOP to consider his request for placement an RRC without reference to the length of his sentence or the fact that he has a supportive family and release residence. (*Id.*)

## DISCUSSION

Yasseen acknowledges that, with respect to the claims in his habeas petition, he has not fully exhausted the BOP's administrative remedy procedures set out at 28 C.F.R. §§ 542.10 *et seq.* (2003). However, he maintains that exhaustion should be excused in his case because it would be futile to pursue the BOP's administrative remedies and "the delay will cause Petitioner irreparable harm." (Doc. No. 1 at 4.)

It is well settled in this circuit that a federal prisoner who requests habeas corpus relief under 28 U.S.C. § 2241 must first exhaust his administrative remedies before seeking relief from this court. *See Skinner v. Wiley*, 335 F.3d 1293, 1295 (11th Cir. 2004); *Gonzalez v. United States*, 959 F.2d 211 (11th Cir. 1992). The BOP has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. *See* 28 C.F.R. §§ 542.10 *et seq.*; *United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990). These regulations govern formal review of inmate complaints relating to any aspect of their imprisonment and specify the procedures that inmates must pursue before attempting to seek relief in federal court. *United States v. Herrera*, 931 F.2d 761, 764 (11th Cir. 1991). If, and only if, an inmate has pursued his administrative remedy may he seek relief in federal court. *Id*.

"An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels [of the BOP's administrative remedies]." *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994). Here, Yasseen has never filed any appeals with regard to his complaint to the Regional Director or to the General Counsel. *See* 28 C.F.R. § 542.15. (Doc.

2

No. 14 at 7-13.)  Therefore, he has not satisfied the requirement that he exhaust his available administrative remedies before seeking habeas corpus relief in federal court.

Yasseen cites several cases in which courts have crafted a futility exception and ruled that the exhaustion requirement could be waived.  *See Jones v. Zenk*, 494 F.Supp.2d 1289 (N.D. Ga. 2007); *Estes v. Fed. Bureau of Prisons*, 273 F.Supp.2d 1301 (S.D. Ala. 2003); *Rodriguez v. Smith*, 541 F.2d 1180 (9th Cir. 2008).  However, the cases cited by Yasseen are distinguishable from his own case, as the cited cases all involve the BOP's 2002 and 2005 CCC[1] placement policies, which *categorically*, and by rule-making, limited an inmates's RRC release to the lesser of ten percent of his sentence or the last six months of his sentence.  *See Jones*, 494 F.Supp.2d 1289 at 1300.  This factor is not present in Yasseen's case.  Yasseen's RRC placement date was determined under the Second Chance Act of 2007.[2]  The Second Chance Act requires the BOP to consider an inmate, by individual determination, for placement in an RRC for up to 12 months, under the administrative procedures currently available to the inmate.  *See* C.F.R. § 570.21; *Hayes v. Grayer*, 1:09cv896, 2009 WL 1473920 (N.D. Ga. May 26, 2009).  An individual determination was made in Yasseen's case, and his RRC placement date was not the product of the categorical application of a rule by the BOP.  Therefore, the cases relied on by Yasseen in arguing for waiver of the exhaustion requirement are inapposite in his case.

---

[1]RRC's were formerly referred to as Community Confinement Centers ("CCC").

[2]Pub.L. No. 110-199, Title II, § 251(a), 122 Stat. 657 (2008), signed into law on April 9, 2008.

This court does not deem it appropriate to rule on the merits of Yasseen's claims without first requiring that he exhaust his available administrative remedies. Consequently, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice due to Yasseen's failure to exhaust his available administrative remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice due to Yasseen's failure to exhaust his available administrative remedies in accordance with the procedures established by the BOP.

It is further

ORDERED that the parties shall file any objections to the said Recommendation **on or before July 2, 2009.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en*

4

*banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 19th day of July, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE